```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MARION CURTO,                            :
                        Plaintiff,       :
                                         :   07 Civ. 3711 (DLC)
          -v-                            :
                                         :   OPINION & ORDER
MICHAEL J. ASTRUE, COMMISSIONER OF       :
SOCIAL SECURITY,                         :
                        Defendant.       :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Irwin M. Portnoy
Portnoy and Marcus, P.C.
7 Rock Cut Road
Newburgh, New York 12550

For Defendant:
John E. Gura, Jr.
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

   Plaintiff Marion Curto ("Curto") and defendant Commissioner of Social Security Michael J. Astrue (the "Commissioner") cross-move for remand in this action for judicial review of the Comissioner's denial of Curto's claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The dispute between the parties concerns the statutory basis for the remand: Curto seeks remand pursuant to the sixth sentence of 42 U.S.C. § 405(g); the Commissioner seeks remand pursuant to that

provision's fourth sentence.  For the following reasons, the action is remanded pursuant to the fourth sentence of Section 405(g).

BACKGROUND

These facts are not disputed, and are drawn from the administrative record.  Curto applied for DIB and SSI on February 23, 2004, claiming that she was disabled and unable to work as of August 31, 2002.  The Social Security Administration ("SSA") denied Curto's claims by letter dated August 6, 2004.  The letter explained that the SSA had "determined that your condition is not severe enough to keep you from working," specifically in "computer sales," which Curto had identified as her area of employment.

Pursuant to Curto's request, a hearing was held on March 14, 2006 before administrative law judge ("ALJ") Brian Lemoine.  The ALJ first received into evidence extensive documentation of Curto's medical history.  That evidence generally indicated that Curto had an array of coronary and pulmonary dysfunctions, as well as difficulty with her knees.  The consensus among the physicians who examined Curto was that she had no limitations in sitting, but certain limitations walking and standing.  One of the medical reports, however, indicated that Curto's condition

precluded even sedentary work.[1]  Further, the examinations indicated that she needed to avoid extreme weather conditions, dusts, fumes, chemical inhalants, and heights as a result of her compromised pulmonary functioning.

At the hearing, testimony was then taken from Curto, appearing pro se, her sister Angela Mastellone, and vocational expert Amy Leopold.  Curto testified regarding her health problems and treatment.  She testified that she was unable to lift a gallon of milk and that she couldn't work because, "I tire quickly.  I take three or four naps a day.  I sit in front of the TV and I just fall asleep.  [D]riving here [to the hearing], I had to stop twice just to pull over just to collect myself because I get so tired."  Under very limited questioning from the ALJ, Curto testified that her most recent employment mainly involved answering phones, handling mail, and some light typing.  Notably, the ALJ did not inquire into the exertional demands of this work.  Notwithstanding the absence of this pertinent information, Leopold, who was certified as a vocational expert without objection from Curto, stated that she had sufficient information to classify Curto's previous work experience.  Leopold classified Curto's previous employment as

---

[1]    The ALJ discredited this report, from Dr. Joseph Vitello, because it was "not consistent with the relatively sparse positive findings adduced on both physical examination and diagnostic testing."

light and sedentary, but also that Curto generally lacked the requisite skills for performing sedentary work. In particular, Leopold noted that Curto had few computer skills.

The ALJ issued his decision in Curto's case on March 23, 2006. He found that Curto had "severe cardiac and pulmonary impairments," but that she had "the residual functional capacity to lift light objects, sit as needed, [] stand and walk for short periods of time but cannot engage in work activity in an environment containing pulmonary irritants." Accordingly, the ALJ denied her claims for DIB and SSI. Curto appealed the ruling, and the Appeals Council denied review on April 16, 2007.

Curto filed the complaint in this action on May 10. On July 3, before filing an answer, the Commissioner wrote to Curto and proposed that the action be remanded to the SSA pursuant to the fourth sentence of Section 405(g) in order to conduct further administrative proceedings. Curto declined that proposal, and the Commissioner filed an answer on July 10. The parties cross-moved for remand, and the motions were fully submitted on February 14, 2008.

DISCUSSION

In Shalala v. Schaefer, 509 U.S. 292, 296 (1993), the Supreme Court explained that the "exclusive methods" by which a district court can remand a case to the Commissioner are set forth in sentences four and six of Section 405(g). See also

4

<u>Raitport v. Callahan</u>, 183 F.3d 101, 103-04 (2d Cir. 1999).

Sentence four provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). Sentence six provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before [he] files [his] answer, remand the case to the Commissioner [] for further action by the Commissioner [], and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

<u>Id.</u>

Thus, this Court may remand a case pursuant to sentence six only where the Commissioner's motion for a remand is made before the filing of an answer or where there is material evidence that, for good cause, was not presented to the agency. <u>Raitport</u>, 183 F.3d at 104. There is also jurisdictional significance to whether a remand is entered pursuant to sentence four or six. Sentence four remands are appealable as a final judgment disposing of the action whereas sentence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending

further development of the record and consideration by the ALJ. See id.

The Commissioner's motion to remand pursuant to sentence four is granted. As the Commissioner concedes, the ALJ "did not elicit from plaintiff an adequate explanation of the requirements of her past work nor is there a description of her past work contained in the record." The Second Circuit has ruled that, under the applicable SSA regulations, the ALJ must adduce evidence "sufficient to permit a comparison between the claimant's capabilities and limitations and the requirements of the relevant occupations." Melville v. Apfel, 198 F.3d 45, 53 (2d Cir. 1999) (citation omitted). Furthermore, where, as here, the claimant proceeds pro se, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (citation omitted). The Commissioner recognizes that the ALJ failed to perform these duties, and that remand is therefore appropriate.[2] In cases "in which the primary problem with the decision below is that the ALJ failed adequately to develop the record before her," Rosa v. Callahan,

---

[2] Although the Commissioner briefs the issue of whether Curto's case should be reversed for an award of benefits, Curto has not requested such a remedy. The issue therefore need not be addressed.

168 F.3d 72, 83 n.8 (2d Cir. 1999), remand is appropriate pursuant to sentence four.[3]

Curto argues that remand is appropriate under sentence six, rather than sentence four. A sentence six remand is available only when the Commissioner has moved for remand prior to filing an answer or when "the district court learns of evidence in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Curto contends that each of these conditions is met here. She first claims that because the Commissioner proposed a remand before filing an answer, he effectively moved for remand before filing an answer. There is no basis in law to support this reasoning. Sentence six clearly requires a "motion" for remand, not merely a proposal. As to the "new evidence" prong, Curto identifies two species of evidence that should have been considered by the ALJ: further evidence of her past work and Dr. Vitello's appraisal of her residual functional capacity, and two legal memoranda submitted by Curto to the Appeals Council in

---

[3] Rosa does not specifically advert to sentence four, but the opinion makes clear that the remand it orders is pursuant to sentence four. Footnote 8, upon which this Opinion relies, cites the language of sentence four and relies on a district court case remanding a claim for benefits to the Commissioner on the basis of sentence four. See Rosa, 168 F.3d at 83 n.8; see also Almonte v. Apfel, No. 96 Civ. 1119 (JGK), 1998 WL 150996, *9 (S.D.N.Y. Mar. 31, 1998).

7

connection with her appeal of the ALJ's decision. Neither of these satisfies the requirements of sentence six. As to the first, the ALJ on remand will further develop the record as to the requirements of Curto's previous employment. Where the ALJ has failed to develop the record at the hearing, remand is appropriate pursuant to sentence four, and not sentence six. See Rosa, 168 F.3d at 83 n.8. Moreover, as noted above, the ALJ discredited Dr. Vitello's evaluation of Curto's functional capacity because it was "not consistent with the relatively sparse positive findings adduced on both physical examination and diagnostic testing." Curto has made no showing that the ALJ's decision to discredit Dr. Vitello's evaluation was erroneous, and therefore no new evidence need be taken on remand as to this issue. As to the legal memoranda, these were prepared by Curto's counsel as part of her administrative appeal, and were made part of the record by the SSA. Curto has proffered no legal basis for considering these to be "evidence" of her disability -- much less "new" -- within the meaning of sentence six.

Finally, Curto argues that remand of her case should be pursuant to sentence six because if remand is ordered pursuant to sentence four, "the plaintiff would not be eligible for [Equal Access to Justice Act] fees for legal work performed at the administrative level after remand because the agency's

decision would not be pursuant to a final judgment of a court of law." The availability vel non of attorneys' fees on remand is not a factor countenanced by Section 405(g) and therefore cannot inform the decision to remand or the specification of the statutory authority for remand. Moreover, if Curto prevails in further administrative proceedings upon remand, her attorney may seek an award of fees for work performed before the agency under 42 U.S.C. § 406(a). "Fees may be authorized, on petition, even if the benefits claimant was unsuccessful." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002).

CONCLUSION

For the foregoing reasons, the decision of the ALJ is vacated, see Butts v. Barnhart, 388 F.3d 377, 382 (2d Cir. 2005) (affirming district court's vacatur and remand pursuant to sentence four), and remanded for further proceedings consistent with this Opinion. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         March 3, 2008

                                         /s/ Denise Cote
                                        ─────────────────────
                                            DENISE COTE
                                    United States District Judge