```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARION CURTO,                           :
                    Plaintiff,          :
                                        :     07 Civ. 3711 (DLC)
          -v-                           :
                                        :     OPINION & ORDER
MICHAEL J. ASTRUE, COMMISSIONER OF      :
SOCIAL SECURITY,                        :
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

Irwin M. Portnoy
Portnoy and Marcus, P.C.
7 Rock Cut Road
Newburgh, New York 12550

For Defendant:

John E. Gura, Jr.
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007


DENISE COTE, District Judge:

Plaintiff Marion Curto ("Curto") brought this action seeking review of the decision of the Commissioner of Social Security Commissioner (the "Commissioner") to deny Curto disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 405(g).  In an Opinion

dated March 3, 2008, the Commissioner's decision was vacated and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  See Curto v. Astrue, No. 07 Civ. 3711 (DLC), 2008 WL 564628 (S.D.N.Y. Mar. 3, 2008).  On remand, the Commissioner reversed the previous denial of benefits, and on September 27, 2008, Curto was awarded past due benefits in excess of $40,000.  Plaintiff's counsel now seeks attorneys' fees for services performed at the court level pursuant to 42 U.S.C. § 406(b).  The Commissioner argues that the amount of attorneys' fees requested is unreasonable.  For the following reasons, the request for attorneys' fees is granted in part.

BACKGROUND

The underlying facts of this dispute are discussed in the March 3, 2008 Opinion.  See Curto, 2008 WL 564628, at *1-*2.  Curto applied for DIB and SSI on February 23, 2004, claiming that she was disabled and unable to work as of August 31, 2002.  The Commissioner initially denied Curto's claims.  Pursuant to Curto's request, a hearing was held on March 14, 2006 before an administrative law judge (the "ALJ").  On March 23, 2006, the ALJ issued a decision denying Curto's claims for DIB and SSI.  Curto appealed the ALJ's decision, and the Appeals Council denied review on April 16, 2007.

2

On April 9, 2007, Curto signed a retainer agreement with plaintiff's counsel, Irwin Portnoy, providing for a contingency of "[t]wenty five percent (25%) of all past due benefits awarded . . . in my Social Security Disability case, my Supplemental Security Income disability case, or both."  On May 10, Curto filed the complaint in this action seeking review of the Commissioner's denial of her claims.  On July 3, before filing an answer, the Commissioner wrote to Curto and proposed that the action be remanded pursuant to sentence four of § 405(g) in order to conduct further administrative proceedings.  Curto declined the Commissioner's offer, arguing that the case should be remanded pursuant to sentence six of § 405(g).  The Commissioner filed an answer on July 19, which requested that the Court remand the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  The parties cross-moved for remand and the motions were fully submitted on February 14, 2008.  On March 3, the Commissioner's decision was vacated and the matter was remanded for further proceedings pursuant to sentence four of § 405(g).  Curto, 2008 WL 564628, at *4.  The parties stipulated that plaintiff's counsel should be awarded $850.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  The Court so ordered the parties' stipulation on April 7.

---

[1] The parties' settlement for $850.00 in fees under the EAJA

3

On August 20, the ALJ issued a decision finding that Curto was entitled to DBI and SSI beginning on August 31, 2002, thus reversing the Commissioner's previous denial of benefits. On September 27, the Commissioner issued a Notice of Award to Curto in which she was awarded past due benefits in excess of $40,000.00. As required by the Social Security Act, the Commissioner withheld 25%, or $10,073.10, from Curto's award of past due benefits for the payment of attorneys' fees.

On November 12, 2008, plaintiff's counsel filed a petition with the Commissioner pursuant to 42 U.S.C. § 406(a) seeking $5,385.05 from the funds withheld from the award of past due benefits for services performed at the administrative level. On November 17, 2008, plaintiff's counsel filed the instant motion seeking $4,690.05 (that is, the balance of the funds withheld from the award of past due benefits) for services performed at the court level pursuant to 42 U.S.C. § 406(b).[2] Plaintiff's counsel indicates that upon payment of any attorneys' fees

---

represented compensation for the approximately five hours of work performed before this Court at an hourly rate of $170.00.

[2] The invoice submitted by plaintiff's counsel in support of the motion indicates that he performed 23.44 hours of work in connection with the proceedings before this Court. The invoice indicates that the 23.44 hours amounted to $6,481.57 in total fees, of which approximately $5,016.53 is attributable to work performed in connection with the briefing on the parties' cross-motions for remand. Thus, plaintiff's counsel earned $1,465.04 in fees for work performed prior to the briefing on the cross-motions for remand.

pursuant to § 406(b), the $850.00 in attorneys' fees previously awarded pursuant to the EAJA will be refunded.  The Commissioner has submitted a letter in opposition to the request for $4,690.05 in attorneys' fees, arguing that under the circumstances of this case, the requested attorneys' fees are unreasonable.  Plaintiff's counsel has filed a response.

DISCUSSION

The Social Security Act provides that a court may award an attorney who represents a prevailing claimant in a social security case "a reasonable fee . . . not in excess of 25 percent of the total of past due benefits to which the claimant is entitled."  42 U.S.C. § 406(b).  In determining whether to award fees, a district court looks first to the contingent fee agreement between the parties.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002).  If the fee agreement provides for a fee within the 25 percent cap, as it does here, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  In making the determination as to whether a given fee is reasonable, the court must be mindful that "a contingency fee is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the

5

case despite the risk of nonpayment." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). At the same time, "contingent fee arrangements cannot simply be adopted as per se reasonable in all social security cases." Id.

In considering whether a downward adjustment to a fee request is appropriate, courts should consider (1) "the character of the representation and the results the representative achieved," Gisbrecht, 535 U.S. at 808, and (2) whether "the benefits are large in comparison to the amount of time spent on a case." Id. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Although the reviewing court may not use the lodestar method to calculate the fee due, the court may require the claimant's attorney to submit a record of the number of hours spent on the case in federal court "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." Id.

In this case, the plaintiff received a substantial award of retroactive DBI and SSI benefits. The attorneys' fees sought by plaintiff's counsel in this Court and before the administrative agency total 25% of the past due benefits awarded, as was agreed to in the retainer. Plaintiff's counsel requests a contingency fee award of $4,690.05 for the 23.44 hours of work performed

before this Court, which amounts to an hourly rate of approximately $200.00 per hour.  Suffice it to say, such a fee does not represent a windfall to plaintiff's counsel.  Further, there is no evidence of fraud on the part of plaintiff's counsel.

Nonetheless, the Commissioner is correct that under the circumstances of this case, the amount of attorneys' fees requested is unreasonable.  Plaintiff's counsel should not receive any award of fees for work performed in connection with the briefing on the cross-motions for remand.  Since the Commissioner offered to consent to a sentence four remand before any motion practice -- indeed, before an answer was even filed in this action -- the eight months of litigation that ensued were prompted solely by counsel's rejection of that offer.[3]  That rejection did not inure to his client's benefit; it delayed by as many months her receipt of past due benefits.  It would reflect a perverse system of incentives to award attorneys' fees when the result of the motion practice was the same that the plaintiff could have achieved without any motion practice.  Moreover, because attorneys' fees are generally not available under the EAJA for legal work performed at the administrative

---

[3] The eight months of litigation before this Court were largely attributable to the parties' briefing schedules.  The March 3, 2008 Opinion was rendered less than a month after the cross-motions for remand were fully submitted.

7

level after a sentence four remand, see Shalala v. Schaefer, 509 U.S. 292, 298-300 (1993), there is a risk that a refusal to consent to a sentence four remand may be driven by an attorney's financial interest, rather than his client's interest in receiving an award of benefits as expeditiously as possible.

There may be a case where an award of attorneys' fees is appropriate even though plaintiff's counsel refused to consent to an early offer of a sentence four remand, and the litigation resulted in a sentence four remand and an award of benefits for the applicant.  To justify such a result, however, plaintiff's counsel should be required to show that he had substantial arguments in favor of a sentence six remand, and a good reason to reject the Commissioner's offer of a sentence four remand.  Such a showing has not been made here.[4]  Accordingly, the request for attorneys' fees shall be reduced to reflect those earned in connection with work performed prior to the briefing on the cross-motions for remand.

---

[4] As discussed in the March 3, 2008 Opinion, Curto's arguments for a sentence six remand were without merit.  See Curto, 2008 WL 564628, at *3.

CONCLUSION

Plaintiff's November 17, 2008 motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted in part. The Commissioner shall pay plaintiff's counsel $1,465.04 out of the funds withheld by the Commissioner from the award of past due benefits. Upon receipt of the $1,465.04 in attorney's fees, plaintiff's counsel shall immediately refund the $850.00 previously awarded pursuant to the EAJA to the plaintiff. The Commissioner shall distribute the balance of the sums withheld from the award of past due benefits, including any accrued interest, to the plaintiff.

SO ORDERED:

Dated:   New York, New York
         March 22, 2010

                                    _____
                                        DENISE COTE
                                    United States District Judge